

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2007

# Siravo v. Crown Cork & Seal

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2236

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Siravo v. Crown Cork & Seal" (2007). *2007 Decisions.* Paper 127.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/127

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2236
_____

NICHOLAS V. SIRAVO;
*FELICIA A. SIRAVO,
Appellant

v.

CROWN, CORK & SEAL COMPANY;
SUN CHEMICAL CORP.;
DUPONT CHEMICAL CORP.;
CIBA SPECIALTY CHEMICALS CORP.

*(Dismissed per Clerk's Order of 5/24/07)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cv-04308)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2007

Before:  RENDELL, JORDAN and GARTH, <u>Circuit Judges</u>.

(Filed  December 6, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

Pro se Appellant Nicholas V. Siravo appeals from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his case with prejudice for lack of subject-matter jurisdiction. We modify this order and will affirm as modified.

I.

Siravo and his wife, Felicia A. Siravo, filed a one-page, pro se complaint, naming as defendants a packaging company, Crown, Cork & Seal Company, as well as three chemical manufacturers, Sun Chemical Corp., DuPont Chemical Corp., and Ciba Specialty Chemicals Corp. Siravo alleged that he was exposed to toxic and carcinogenic chemicals when he was previously employed by Crown.[1] According to Plaintiffs, the manufacturers fraudulently concealed the chemicals' dangerous qualities, and Crown failed to notify Siravo of the chemicals' dangers. This alleged misconduct by Defendants allegedly caused the husband and wife to suffer both physical and mental harm.[2] It is undisputed that Plaintiffs reside in Philadelphia, Pennsylvania. According to its assistant corporate secretary, Crown is incorporated in Pennsylvania and has its principal place of

---

[1] In their various filings, Plaintiffs have additionally claimed exposure through Siravo's deceased father, who was also employed by Crown.

[2] Plaintiffs had previously raised the same claims against the same four defendants in a state court action filed in the Philadelphia County Court of Common Pleas. That court dismissed their pro se complaint with prejudice for failure to conform with Pennsylvania's pleading requirements. The Pennsylvania Superior Court subsequently quashed Plaintiffs' pro se appeal, and the Pennsylvania Supreme Court denied their request for an extension of time to file a petition for allowance of appeal.

business in Philadelphia, Pennsylvania.

Defendants filed a joint motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They claimed, inter alia, that the District Court lacked subject-matter jurisdiction because Plaintiffs' claims arose out of state law and there was a lack of complete diversity among the parties. On April 10, 2007, the District Court, taking into consideration the motion, Plaintiffs' response, and Defendants' reply, dismissed the case with prejudice pursuant to Rule 12(b)(1).

A timely notice of appeal was filed. Nevertheless, the notice was signed only by Siravo, and Felicia A. Siravo was therefore directed by the Clerk to sign a copy of the notice if she wished to participate as an Appellant. Receiving no signed notice from her, the Clerk procedurally terminated the appeal as to her. After appellate briefing was concluded, Siravo filed with this Court a motion to expand the record, referring to deposition subpoenas he had allegedly sent to Defendants on August 23, 2007.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over a dismissal for lack of subject-matter jurisdiction. See, e.g., McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). We agree with the District Court that it did not possess subject-matter jurisdiction over this case.

A federal court may exercise jurisdiction on either diversity or federal question grounds. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires the existence of

3

*complete* diversity between the parties – "'that is, no plaintiff can be a citizen of the same state as any of the defendants.'" Grand Union Supermarkets of the V. I. , Inc. v. H.E. Lockhart Mgmt., 316 F.3d 408, 410 (3d Cir. 2003)(citation omitted). As was made clear in their own filings, Plaintiffs, residing in Philadelphia, are citizens of Pennsylvania. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendants presented uncontested evidence to the District Court that Defendant Crown is incorporated in Pennsylvania and that the company's headquarters and principal place of business are also located in Philadelphia, Pennsylvania. Siravo's only specific argument in his appellate brief with respect to diversity (or subject-matter jurisdiction in general) is the claim that "all four Defendants have manufacturing plants throughout the United States and the world." (Appellant's Br. at 3.) However, such an assertion, even if true, is irrelevant to the existence, or lack thereof, of complete diversity of citizenship. Given the lack of diversity between Plaintiffs and at least one of the Defendants, the District Court correctly rejected diversity as a basis for exercising jurisdiction over this matter.

Furthermore, the District Court correctly determined that this matter did not fall under its federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' very brief complaint made passing references to fraudulent concealment and neglect, thereby alleging, at best, tort claims under state, and not federal, law. Siravo continues to claim

4

on appeal that he presented "discovery" establishing that the Defendants' "inks, dyes, coatings, pigments, chemicals, and <u>solvents</u> can and will cause cancer" and that such "facts" were well known but not disclosed to him before he started working for Crown. (Appellant's Br. at 4.) Such assertions, however, only underscore that this case involved tort causes of action arising out of state law.

As the District Court noted, Plaintiffs' response to the motion to dismiss did not specifically address Defendants' jurisdictional arguments. Instead, Plaintiffs recited definitions of various tort law and product liability concepts and then included as exhibits various filings from their previous and unsuccessful tort action in Pennsylvania state courts together with newspaper and other materials regarding other lawsuits and various chemicals. They also submitted what appear to be settlement agreements from 1992 between Siravo's mother and Sun, DuPont, and Ciba, as well as several checks paid to his mother under these agreements. However, the settlement agreements, which were never expressly mentioned in Plaintiffs' response to Defendants' motion to dismiss, have no relevance to the substantive allegations in this current matter, especially because Siravo's mother was apparently paid what she was promised under these agreements. In the end, the agreements, as well as Plaintiffs' other submissions and exhibits, have no real bearing on the fundamental question of whether the District Court possessed federal-question

jurisdiction in the current case.[3]

As the District Court also noted, Plaintiffs' response to the motion to dismiss did contain references to workplace safety laws, including a "brief description of the Occupational Safety and Health Act of 1970" and its alleged standards for hazardous working conditions. (Supp. App. at A 0002.) Nevertheless, the District Court correctly recognized that this federal statute does not create a private cause of action. See, e.g., 29 U.S.C. § 653(b)(4) ("Nothing in this chapter [OSHA] shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."); Ries v. Nat'l R.R. Passenger Corp., 960 F.2d 1156, 1164 (3d Cir. 1992). OSHA itself was mentioned in neither the complaint nor in Siravo's appellate brief, and Plaintiffs have failed to provide any citation or discussion of the provisions or regulations allegedly violated in this case. Given these circumstances, the District Court correctly determined that the passing OSHA references did not provide a basis for federal-question jurisdiction over Plaintiffs' otherwise "garden variety state tort law" claims. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 318 (2005).

---

[3] On the civil cover sheet filed with the District Court, Siravo indicated that this was a "civil rights" case. However, Plaintiffs have presented no conceivable basis for a federal civil rights claim in these circumstances.

6

# III.

For the foregoing reasons, we conclude that the District Court was correct to dismiss this case for lack of subject-matter jurisdiction. However, it should not have done so *with* prejudice. Where a district court lacks subject-matter jurisdiction, its "disposition of such a case will . . . be *without* prejudice." In re Orthopedic "Bone Screw' Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997) (emphasis added) (citations omitted); see also, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig., 314 F.3d 99, 105 (3d Cir. 2002) ("But the court also dismissed plaintiffs' claims with prejudice, an action that required it to have subject matter jurisdiction over those claims."); Sewell v. Merrell Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 (11th Cir. 1996) ("However, 'ordinarily a judgment dismissing an action or otherwise denying relief for want of jurisdiction . . . does not preclude a subsequent action in a court of competent jurisdiction on the merits of the cause of action originally involved.'" (citation omitted)). Therefore, we modify the District Court's order to a dismissal *without* prejudice. As so modified, the order will be affirmed. We also deny Siravo's motion to expand the record.